http://www.va.gov/vetapp16/Files3/1626398.txt

Citation Nr: 1626398 
Decision Date: 06/30/16 Archive Date: 07/11/16

DOCKET NO. 10-42 932 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Philadelphia, Pennsylvania

THE ISSUE

Entitlement to service connection for hypertension, to include as secondary to service-connected coronary artery disease.

REPRESENTATION

Appellant represented by: The American Legion

ATTORNEY FOR THE BOARD

B. Berry, Counsel

INTRODUCTION

The Veteran served on active duty from September 1965 to July 1967. This matter comes to the Board of Veterans' Appeals (Board) on appeal from a rating decision dated in March 2010 by the Department of Veterans Affairs (VA) Regional Office (RO) in Philadelphia, Pennsylvania.

REMAND

The Board remanded this claim in June 2015 in part to obtain a VA examination and medical opinion with respect to whether the Veteran's hypertension was related to his military service or was caused by or aggravated by his service-connected coronary artery disease. A VA examiner in August 2015 provided the opinion that the Veteran's "hypertension is not caused by or aggravated by the service connected [coronary artery disease]." The examiner explained that "there is no evidence in the expert literature that supports that hypertension is caused by [coronary artery disease]." The examiner did not provide an explanation in support of the conclusion that the Veteran's hypertension is not aggravated by his service-connected coronary artery disease. In addition, the examiner did not provide a medical opinion with respect to whether the Veteran's hypertension was related to his service. The examiner noted in the medical history section that hypertension was diagnosed in 2007, and he was treated with medication. The evidence of record contains a private treatment record dated in November 1997, that lists hypertension in the prior medical history section and a July 2002 private treatment record that documented that the Veteran's hypertension was under good control. Thus, there is medical evidence that shows that hypertension was diagnosed prior to 2007. In light of the foregoing, the Veteran should be afforded another VA examination and medical opinion with respect to his service connection claim for hypertension. 

Accordingly, the case is remanded for the following action:

1. The RO must contact the Veteran and afford him the opportunity to identify or submit any additional pertinent evidence in support of his service connection claim for hypertension. Based on his response, the RO must attempt to procure copies of all records which have not previously been obtained from identified treatment sources. When requesting records not in the custody of a Federal department or agency, such as private treatment records, the RO must make an initial request for the records and at least one follow-up request if the records are not received or a response that records do not exist is not received. 

Regardless of the Veteran's response, the RO must attempt to obtain all outstanding VA treatment records with respect to his hypertension from July 2015 to the present from the Philadelphia VA Medical Center.

All attempts to secure this evidence must be documented in the claims file by the RO. If, after making reasonable efforts to obtain named records the RO is unable to secure same, the RO must notify the Veteran and (a) identify the specific records the RO is unable to obtain; (b) briefly explain the efforts that the RO made to obtain those records; (c) describe any further action to be taken by the RO with respect to the claim; and (d) that he is ultimately responsible for providing the evidence. The Veteran and his representative must then be given an opportunity to respond. 

2. After completing the foregoing and associating any outstanding evidence with the electronic claims file, an appropriate VA examiner must review of the evidence of record, and the examiner must state that the records were reviewed. A VA examination of the Veteran must be provided only if the examiner deems it necessary. After a review of the evidence, to include the Veteran's statements of recurrent symptoms since discharge from service, the examiner must provide an opinion to the following: 

a. Whether the Veteran's currently diagnosed hypertension is related to his active military service, to include any documented elevated blood pressure readings in service.

b. If the answer to question (a) is negative, whether the Veteran's currently diagnosed hypertension is caused by or aggravated by his service-connected coronary artery disease.

The examiner must provide a complete rationale for all opinions expressed, including a description of the specific evidence relied upon or rejected in reaching the opinion. Citations to any medical literature and/or studies used in offering his or her opinions must be provided and an explanation regarding how this supports an opinion must be included in the examination report.

If the examiner cannot provide the requested opinion without resorting to speculation, it must be so stated, and the examiner must provide the reasons why an opinion would require speculation. The examiner must indicate whether there was any further need for information or testing necessary to make a determination. The examiner must indicate whether an opinion could not be rendered due to limitations of knowledge in the medical community at large and not those of the particular examiner. 

3. The medical report must be reviewed to ensure that it is in complete compliance with the directives of this remand. If the report is deficient in any manner, the RO must implement corrective procedures. 

4. Once the above actions have been completed, and any other development as may be indicated by any response received as a consequence of the actions taken above, the claim on appeal must be adjudicated. If the benefits remain denied, a supplemental statement of the case must be provided to the Veteran and his representative. After they have had an adequate opportunity to respond, the appeal must be returned to the Board for further appellate review. 

No action is required by the Veteran until he receives further notice; however, he may present additional evidence or argument while the case is in remand status at the RO. Kutscherousky v. West, 12 Vet. App. 369 (1999).

_________________________________________________
JOY A. MCDONALD
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).